## Benjamin, Appellant, *v.* Foidl.

Argued June 3, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Peter P. Zion,* with him *Leonard A. Green,* for appellants.

*Richard H. Markowitz,* with him *Louis H. Wilderman* and *Paula R. Markowitz,* for appellees.

*Homer H. Hewitt, 3rd, Jacoby & Maxmin, John C. Youngman, Candor, Youngman & Gibson, David H. Kinley* and *Geoffrey J. Cuniff,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, November 15, 1954:

Plaintiffs brought this bill in equity against the defendants and charged that by means of conspiracy they sought to and did deprive them of employment. The court below granted a preliminary injunction, and after hearing on its continuance sustained the objections of the defendants and dismissed the complaint. Plaintiffs appealed.

The plaintiffs are holders of certificates of convenience from the Pennsylvania Public Utility Commission and the Interstate Commerce Commission, and are engaged in the business known as rigging, hoisting, hauling, loading and unloading and installing in place and placing on foundations all forms of heavy and intricate machinery and other equipment. The complaint charged, inter alia, that the defendants entered into a conspiracy to deprive the plaintiffs of employment by means not now necessary to set forth. It suffices to say that the allegations of the bill in equity and the

proof of the plaintiffs showed a common law conspiracy. The court below sustained the preliminary objections and dismissed the bill on the theory that since union labor was involved (two labor unions being cited as a part of the defendants' conspiracy), the resort of the plaintiffs was to the National Labor Relations Board, although it was not shown at the hearing on continuance of the injunction that the plaintiffs were engaged in interstate commerce.

The principal support of the court was the case of *Garner v. Teamsters, Chauffeurs and Helpers, Local Union No. 776*, 373 Pa. 19, 94 A. 2d 893, aff. 346 U. S. 485, 74 S. Ct. 161.

But that case does not govern here. That was a case brought to enjoin picketing which constituted an unfair labor practice. After the *Garner* case the Supreme Court of the United States decided the case of *United Construction Workers Affiliated with United Mine Workers, of America v. Laburnum Const.*, 74 S. Ct. 833, 347 U. S. 656, which case was a common law tort action for compensatory and punitive damages. In the instant case the compensatory and punitive damages are covered by the prayer for general relief. In the *Laburnum* case it was held that the jurisdiction of the state courts of Virginia was not ousted by the Labor Management Relations Act, although the United States Supreme Court stated: ". . . we assume the conduct before us also constituted an unfair labor practice" within the provisions of Section 8 (b) and other sections of the so-called Taft Hartley Law, and denied the contention that the Act of 1947 (Labor Management Relations Act) had occupied the labor relations field so completely that no regulatory agency, other than the National Labor Relations Board, and no court, may assert jurisdiction over unfair labor practices, as defined by it. The United

States Supreme Court held that "Here Congress has neither provided nor suggested any substitute for the traditional state court procedure for collecting damages for injuries caused by tortious conduct. For us to cut off the injured respondent from this right to recovery will deprive it of its property without recourse or compensation. To do so will, in effect, grant petitioners immunity from liability for their tortious conduct . . . The contrary view is consistent with the language of the Act and there is positive support for it in our decisions and in the legislative history of the Act."

It is obvious that the tortious conspiracy may be enjoined where it affects property rights. It therefore follows that the Supreme Court of the United States sustains the jurisdiction of the state courts, and this because the Congress of the United States did not abolish, "all common-law rights to recover damages caused more directly and flagrantly through such conduct as is before us." The opinion in the *Laburnum* case points out that even under the National Labor Relations Act of 1935, when there was no prohibition of unfair labor practices on the part of labor organizations, there was no doubt that if agents of such organizations at that time had damaged property through their tortious conduct, the persons responsible would have been liable to a tort action in state courts for the damage done. The Court declares that the Act of 1947 has increased rather than decreased the legal responsibilities of labor organizations. The opinion further points out that even under Section 10 (c) of the Labor Relations Management Act, where the board is directed to issue a cease-and-desist order after an appropriate finding of fact, there is no declaration that this procedure is to be exclusive.

544

The fact that the Act prescribes new preventative procedure against unfair labor practices on the part of labor organizations was an additional recognition of congressional disapproval of such practices. Such an express recognition is consistent with an increased insistence upon the liability of such organizations for tortious conduct and inconsistent with their immunity from liability for damages caused by their tortious practices.

The decision must be reversed, and we point out that after the evidence was taken, rather than dismiss the complaint upon preliminary objections, the court should have found the facts, including the damages which the plaintiffs suffered, and heard the case before the court en banc for final action, in which event we could have entered judgment for the plaintiffs under the findings. As the case now stands it must go back for findings of fact and conclusions of law.

Decree reversed, the costs to abide the event.

Mr. Justice MUSMANNO dissents.