## Roberts v. Peoples Cab Co.

*Harry Alan Sherman*, for plaintiffs.

*Harland I. Casteel, Campbell, Houck & Thomas* and *Wilner, Wilner & Kuhn*, for defendants.

NIXON, J., February 4, 1955.—This matter is before the court for the second time, on preliminary objections ex parte defendants. Previously, defendants have raised the jurisdictional issue and moved for a more specific complaint. Those preliminary objections were disposed of by the court en banc, by Adams, J., by opinion and order dated May 24, 1954. Plaintiffs subsequently amended the complaint and defendants have raised the same type of objections to the amendment.

Defendants previously contended that inasmuch as the complaint alleged forced violations of the laws of the Interstate Commerce Commission and the Public Utility Commission, exclusive jurisdiction of those matters was in the respective commissions. In dismissing the objection, Judge Adams said, page 2:

"It cannot be doubted that this court has jurisdiction of the cause of action pleaded in the complaint since it is clear that an action of trespass for con-

spiracy is one of a general class which this court is competent to determine. Since this is so, we are of the opinion that once such jurisdiction has attached, this court may inquire into any material fact which may be relevant to prove that which is alleged in the complaint. If one of the matters sought to be proved concerns the laws or regulations of a Federal or State administrative body, we can perceive of no sound reason why this court should lose its jurisdiction or usurp the jurisdiction of the administrative agency by such inquiry."

Defendants now contend that the basis of the amended complaint is the commission of unfair labor practices, and that, therefore, exclusive jurisdiction rests in the Pennsylvania Labor Relations Board. In our view, this objection could be dismissed by a ruling similar to that quoted above, but since statutory and decisional basis is alleged to support defendants' new position, we will examine it fully. The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, sec. 8, as amended, 43 PS §211.8, provides:

"(a) The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice listed in section six of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise."

To begin with, the act does not say that the board has exclusive jurisdiction over any and all matters wherein unfair labor practices are involved. The exclusive power conferred is "to prevent" such practices. Assuming for the moment that paragraph 9 of the complaint sets forth matters that are within the province of the labor board, it should be noted that plaintiffs seek redress for past wrongs, not injunctive relief or restraints in futuro. In that respect, the best rem-

edy the board could grant would be an order for reinstatement and payment of back wages. The jurisdiction of a court of law over the conspiracy action in trespass wherein compensatory or punitive damages are sought, does not conflict with the jurisdiction and powers of the State labor relations board.

The foregoing discussion has been upon the hypothesis that the acts attributed to defendants are the basis of a complaint to the board. However, section 8, supra, expressly applies only to *"unfair labor practices listed in section six of this act."* Section 3, in defining the terms used in the act, also states this. In summary, the unfair practices listed are in line with the declared purpose of the act, namely, to protect by law the rights of employes to organize and bargain collectively, without interference and discrimination by the employer, and to protect the workers' rights to freedom of association and self-organization, with concomitant protection to the employers' rights against intimidation, secondary boycotts and illegal strikes and actions. Perhaps some of the facts alleged, as in subparagraphs (k) and (1), could be the subject of complaint to the labor relations board, if plaintiffs so desired. But there is no allegation that the actions complained of were to coerce plaintiffs into joining or not joining any labor organization, or in violaton of any other rights expressly protected by the Pennsylvania Labor Relations Act. The basis of plaintiffs' action is an alleged conspiracy to deprive them of their right to work, and the privileges and other benefits of employment. Comparison of paragraph 9 of the complaint with section six of the act fails to disclose that the action is founded upon unfair labor practices or that a labor dispute exists, as those terms are defined in the act. Our jurisdiction over the action in trespass is not lost merely because the labor relations board might have power

to prevent, in the future, some of the acts complained of.

Counsel for plaintiffs has called our attention to two recent cases, timely and in point, decided by the Supreme Courts of the United States and of Pennsylvania, respectively. In United Constr. Workers, etc., v. Laburnum Constr. Corp., 347 U. S. 656, and in Benjamin v. Foidl, 379 Pa. 540, the question was whether or not the courts had jurisdiction, since the conduct which was the basis of the common law conspiracy actions could also be the basis for complaint to the National Labor Relations Board. The respective courts, after assuming that the matters involved did constitute unfair labor practices, nevertheless upheld the jurisdiction of the law courts. The basis of the decisions was that the remedy provided under the Pennsylvania Labor Relations Act is preventive, and not a substitute for the traditional State court procedure for collecting damages. To eliminate the action at law would confer upon employers, labor unions and others, immunity from liability for damages caused by their tortious conduct.

Defendants have also filed a motion for a more specific pleading. This court previously ruled that a number of loose averments pervaded paragraph 9 of the complaint, and directed plaintiffs to amend. Defendants contend that the amendment is still defective in that it fails to allege specific facts upon which to base a charge of conspiracy. Rule 1019 requires, inter alia, that the material facts upon which the cause of action is based be stated in concise and summary form. Malice, intent and other conditions of mind may be averred generally, but averments of time, place and items of special damage must be specifically stated. There will always be questions as to exactly what the rules require and what they prohibit, since it is impossible to draw a set of rules into which each and

every situation may be neatly "pigeon-holed." The recently revised volume 3 of Standard Pennsylvania Practice discusses the matter at some length, parts of which we quote here as a guide.

"The rules of pleading still require the complaint in assumpsit and trespass not only to be a concise statement of the plaintiff's claim, but to set forth all of the elements of a complete cause of action—all the ultimate facts which the plaintiff must prove in order to recover—in comprehensive and brief terms. . . . This means that the plaintiff's summary of the material facts required by the Rules must contain all the material facts and allegations necessary to entitle him to recover, or which are the basis of his claim, even though this may mean a lengthy complaint": Op. cit., supra, at 132.

"It should convey to the defendant the nature and extent of the plaintiff's claim by setting out just what acts or omissions the plaintiff charges him with; in this way, if the alleged acts are not true, the defendant can deny them or explain them by evidence. The right invaded, the breach of duty, and the resulting damage should be made clearly to appear from the facts stated. . . . The complaint should be not only concise, but precise": Id., at 137.

Defendants have specifically objected to each of the 17 subdivisions of amended paragraph 9. Without repeating the objections in their entirety, defendants complain in general of a failure throughout to name persons, to specify dates, places and other circumstances of the alleged acts complained of, of the frequent use of "others" without identifying them. Since the complaint alleges conspiratorial acts by defendants, the facts should be averred with more particularity than would be required in other trespass actions, as for instance, one grounded upon negligence. Defendants are entitled to know just what acts they are

charged with in order that they may answer properly, and if they ask for the particulars, plaintiffs must give them. By the requirement of particularity we do not mean that plaintiffs must set forth all the evidence they expect to produce, but only the ultimate facts which they intend to prove upon trial. On the one hand, plaintiffs are too general in many respects in their averments, but on the other hand, defendants seem to expect a precise and detailed account of evidentiary matters. A case cannot be tried in the pleadings. Plaintiffs must make reasonably definite statements which defendants can admit, deny or explain by way of answer, and the matter proceed to trial on the issues thus framed, the burden being upon plaintiffs to then produce the evidence to support their statements.

While it is neither our intent nor our function to rule upon the sufficiency of a pleading word by word, or line by line, we specify the following with respect to amended paragraph 9, in order to avoid an endless cycle of amendments and objections. Subparagraphs (b), (e), (f), (h), (j), (k) and (l) are sufficient under the rules that they may be answered by defendants. The continual presence of the "army of others," while annoying, may be treated as surplusage if no persons other than plaintiffs are identified. As to the remaining subparagraphs, we rule that they are inadequate in the particular respects set forth in the objections raised by union defendants, and must be amended or stricken from the complaint.

### Order

And now, February 4, 1955, it is ordered that

1. The respective preliminary objections ex parte defendants raising the question of jurisdiction are hereby dismissed;

2. The respective motions for a more specific plead-

638

ing are dismissed as to subparagraphs (b, (e), (f), (h), (j), (k) and (l) of paragraph 9 of the amended complaint;

3. The motions for a more specific pleading are granted as to the remainder of paragraph 9 of the amended complaint.

Plaintiffs are directed to file an amended complaint in accordance with the foregoing opinion within 20 days.

Eo die, exception noted to plaintiffs, and bill sealed.

Eo die, exception noted to defendants, and bill sealed.